DA 12-0608

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 250N

IN RE THE MARRIAGE OF:

KATIE JEAN WHITAKER,

Petitioner and Appellee,

v.

TRAVIS CLAY WHITAKER,

Respondent and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DR 2010-1380
Honorable Ingrid Gustafson, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Fred Snodgrass, Snodgrass, Copenhaver & Yasenak, PLLC, Billings, MT

For Appellee:

Robert J. Waller, Waller & Womack, P.C., Billings, MT

Submitted on Briefs:  August 14, 2013

Decided:  September 3, 2013

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Travis Whitaker appeals from the District Court's Order Re: Child Support and Memorandum dated August 24, 2012. We affirm.

¶3 In March 2012 the parties reached a settlement of the debt and property issues in the dissolution of their marriage, and additionally agreed on many parenting issues. Pursuant to the settlement and additional information presented by the parties, the District Court issued a Final Parenting Plan dated April 10, 2012. Despite adoption of the Final Parenting Plan, the parties continued to dispute issues regarding parenting and child support. They submitted additional information and the District Court issued the Order Re: Child Support and Memorandum which forms the basis of this appeal.

¶4 Travis contends that the District Court erred in calculating the number of parenting days he should get; erred in failing to give him credit for daycare expenses he paid; and erred in calculating the amount of child support. This Court will not disturb a district court's award of child support or a determination of custody unless there was a clear abuse of discretion. *In re Marriage of Graham*, 2008 MT 435, ¶ 8, 347 Mont. 483, 199 P.3d 211.

¶5 The District Court based its Order upon the information submitted by the parties, both

of whom waived having a hearing or presenting any testimony. While Travis may not agree with the District Court's conclusions, he has not demonstrated that the result was the product of an abuse of discretion. The District Court carefully considered and evaluated the information submitted by the parties, and the factual findings are not clearly erroneous. *Bock v. Smith*, 2005 MT 40, ¶ 14, 326 Mont. 123, 107 P.3d 488.

¶6      We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provide for memorandum opinions. The District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law which the District Court correctly interpreted.

¶7      Affirmed.

/S/ MIKE McGRATH


We concur:

/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS

3